IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

| | |
|---|---|
| STEVEN C. STAVIG, | ) |
|          Plaintiff, | ) |
| vs. | ) Case No. |
| SUMNER-COWLEY ELECTRIC COOPERATIVE, INC.; BRETT THOMSON DBA THOMSON CONSTRUCTION; PHIL RAY DBA RAYCO REGIONAL POWER WASHING; AND ABRAMS MANAGED ENTERPRISES, INC., | ) |
|          Defendants. | ) |

## COMPLAINT

Plaintiff Steven C. Stavig, by and through counsel, Arthur Rhodes and Dustin L. DeVaughn of DeVaughn James Injury Lawyers, state and allege the following against Defendants Sumner-Cowley Electric Coop, Inc., Brett Thomson dba Thomson Construction and Roofing, Phil Ray dba Rayco Regional Power Washing and Abrams Managed Enterprises, Inc.

### A.  PARTIES

1. Plaintiff Steven C. Stavig ("Stavig"), is an Oklahoma resident and citizen who has an Oklahoma driver's license, is registered to vote in Oklahoma, resides at 736 N. 13th Street, Enid, Oklahoma 73701 by way of a lease agreement and receives his United States mail at that address.

2. Defendant Sumner-Cowley Electric Cooperative, Inc. ("SCEC"), is a Kansas For Profit Corporation with its principal place of business located at 2223 N. A Street, Wellington,

Kansas 67152. It may be served with process through its Resident Agent, Cletas C. Rains, 2223 N. A Street, Wellington, KS 67152.

3. Defendant Brett Thomson is a Kansas resident and citizen who was the general contractor on this project doing business as Thomson Construction and Roofing ("Thomson"). He may be served with process at 2612 W. 9th Avenue, Winfield, Kansas 67156.

4. Defendant Phil Ray is a Kansas resident and citizen who was the sub-contractor on this project doing business as Rayco Regional Power Washing ("Ray"). He may be served with process at 915 Main Street, Winfield, KS 67156.

5. Defendant Abrams Managed Enterprises, Inc. ("Abrams"), is a Kansas For Profit Corporation with its principal place of business located at 25117 31st Road, Arkansas City, Kansas 67005. It may be served with process through its Resident Agent, Max E. Abrams, Rural Route 2, Box 922, Arkansas City, KS 67005.

## B.   JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties and the subject matter.

7. Venue is proper in the Wichita division of the Kansas District Court of the Federal District Court.

8. This personal injury incident took place in Arkansas City, on September 28, 2020.

9. This action is brought pursuant to 28 U.S.C. 1332 (a) on the basis of diversity of citizenship.

10. The matter is in excess of the sum of Seventy-Five Thousand dollars ($75,000) exclusive of interests and costs.

## C.   NATURE OF ACTION

11. This is a personal injury action arising out of an incident (the "Injury Incident") wherein Stavig was on the roof of a building located at 25117 31st Rd., Arkansas City, Kansas (the

"Building") when he was severely shocked by a low hanging high voltage electrical supply conductor.

**D.   ALLEGATIONS OF NEGLICENCE AND NEGLIGENCE PER SE AGAINST ALL DEFENDANTS.**

12. Abrams hired Thomson to work on the Building which Abrams owned and/or controlled.

13. Thomson, the general contractor on this project, hired sub-contractor Ray (together, the "Contractors") to power-wash the roof of the Building.

14. The roof of the Building sat approximately five (5) feet beneath a low hanging high voltage electrical supply conductor that is owned, constructed and maintained by SCEC.

15. Stavig was assisting Ray (without compensation) on the day of the personal injury incident as Stavig wanted to test the power-washing equipment because he was considering purchasing the equipment from Ray.

16. Stavig, who had not been present at the Building previously, climbed onto the roof of the Building at the direction of Ray and began hoisting the power-washing equipment onto the roof. As he was walking backwards and pulling the equipment onto the roof, the back of Stavig's head came into direct contact with the low hanging high voltage supply conductor causing severe personal injuries and damages.

17. SCEC, by and through its agents, employees and principals, as the owner / operator and easement holder of the supply conductor in question failed to exercise the ordinary care of a reasonable prudent utility company under the same or similar circumstances, particularly with respect to the following:

   (a) its violation of the National Electrical Safety Code (NESC) which requires electrical supply conductors to have a vertical clearance of eight (8) feet or greater above any

building, the violation of which resulted in a hazardous condition (the "Hazardous Condition") which injured Stavig;

(b) its failure to inspect the power poles and supply conductors regularly, as SCEC had not done any inspection of the supply conductors within the accepted industry time period;

(c) its failing to train its employees and agents on its own clearance requirements and those of the NESC;

(d) its failing to train its employees and agents to look for problems associated with supply conductors and poles including but not limited to, insufficient supply conductor clearances;

(e) its failing to properly insulate the supply conductor, repair the supply conductor in question and correct any clearance impairments; and

(f) its overall failure to safely maintain the power poles and supply conductor in question to protect workers and visitors from the risk of severe bodily harm, including its failure to remedy, post signs, rope-off, or otherwise warn of the Hazardous Conditions.

18. Abrams was negligent by constructing and/or maintaining the building under the pre-existing high voltage supply conductor in the manner that it did; in failing to communicate with SCEC about the existence of the Building under the supply conductors; in maintaining the Hazardous Condition and failing to take appropriate steps to protect workers and visitors from serious bodily injury, including but not limited to warning of the Hazardous Conditions or protect others from the same, as well as its failure to properly supervise all aspects of the project at issue.

19. Both Contractors Thomson and Ray were negligent and negligent per se by:

    (a) by failing to comply with K.S.A. 66-1711 and K.S.A. 66-1712 which prohibit working within 10 feet of any overhead supply conductors unless the power company has been notified by the person(s) responsible for the activity and the danger has been guarded against, as neither Contractor notified the power company or took appropriate steps to guard against the danger;

    (b) by allowing Stavig to go on the roof of the Building where the Hazardous Conditions existed, in the absence of appropriate knowledge, training, and/or supervision; and

    (c) by failing to properly inspect the Building and its roof to identify dangers and implement a work plan to protect workers and visitors from the risk of serious bodily injury, including the failure to report, post signs, rope-off, or otherwise warn of the Hazardous Conditions.

20. As a result of Defendants' negligence, Stavig sustained severe personal injuries and damages. Stavig has or is expected to incur past medical expenses, future medical expenses, past lost wages, future lost wages, economic damages, and past and future non-economic damages such as pain, suffering and mental anguish.

E.  **PUNITIVE DAMAGES AS TO DEFENDANTS SCEC, THOMSON AND RAY.**

21. Because of the severity of the danger associated with the Hazardous Conditions, the Defendants SCES, Thomson and Ray engaged in willful and/or wanton conduct by recklessly disregarding and failing to remedy the danger or otherwise protect workers and visitors, such that punitive damages are appropriate as to Defendants SCEC, Thomson and Ray.

22. Defendants SCEC, Thomson and Ray's conduct before, at the time of, and after the Injury Incident satisfies all the requirements necessary for an award of punitive damages pursuant to K.S.A. 60-3701, et seq., including but not limited to Defendants SCEC, Thomson and Ray's authorization and/or ratification of the willful and/or wanton conduct that caused Stavig's severely shocked and injuries.

WHEREFORE, Plaintiff requests judgment against defendant for an amount in excess of $75,000 plus, punitive damages, costs and any further relief this Court deems fair, just and equitable.

Respectfully submitted,

DeVaughn James Injury Lawyers

By: /s/ Arthur Rhodes
Arthur Rhodes, #17661
Dustin L. DeVaughn, #16559
3241 N. Toben
Wichita, KS 67226
[P] 316-977-9999
[F] 316-425-0414
arhodes@devaughnjames.com
ddevaughn@devaughnjames.com
*Attorneys for Plaintiff*

**DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL**

COMES NOW the plaintiff and demands a pretrial conference and a trial by jury.

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the plaintiff and designates Wichita, Kansas as the place for trial in this matter.

>DeVaughn James Injury Lawyers
>
>By: /s/ Arthur Rhodes
>Arthur Rhodes, #17661
>Dustin L. DeVaughn, #16559
>3241 N. Toben
>Wichita, KS 67226
>[P] 316-977-9999
>[F] 316-425-0414
>arhodes@devaughnjames.com
>ddevaughn@devaughnjames.com
>*Attorneys for Plaintiff*